IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| YOU NEVER KNOW, LLC, | | |
| Plaintiff, | | CIV. NO. S-11-2697 KJM GGH PS |
| vs. | | |
| HEATHER MCKEON, et al., | | |
| Defendants. | | FINDINGS AND RECOMMENDATIONS |
| _____/ | | |

This action was removed by pro se defendants Heather McKeon and Howard McKeon from Placer County Superior Court on October 13, 2011 (dkt. no. 1) and has been referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21). Defendants paid the filing fee, and no motion to remand was filed. Nevertheless, even if a party does not question the court's subject matter jurisdiction, the court is required to raise and address the issue sua sponte. See FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 230-31 (1990) ("The federal courts are under an independent obligation to examine their own jurisdiction...."). Having reviewed the notice of removal and accompanying documents, the court finds that this matter should be remanded to state court for lack of subject matter jurisdiction.

\\\\\

1  A state court defendant cannot invoke the federal court's original jurisdiction. However, the defendant may in some instances invoke the court's removal jurisdiction. Removal jurisdiction statutes are strictly construed against removal. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction falls on the party invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994).

A defendant may remove a civil action from state court to federal district court only if the district court has original jurisdiction over the action, i.e. if the action originally could have been filed in federal court. See 28 U.S.C. § 1441(a). A district court has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

In regards to federal question jurisdiction, federal courts have "jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). Mere reference to federal law is insufficient to permit removal. See Smith v. Industrial Valley Title Ins. Co., 957 F.2d 90, 93 (3d Cir. 1992). Also, defenses and counterclaims cannot provide a sufficient basis to remove an action to federal court. See Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994); Takeda v. Northwestern Nat. Life Ins. Co., 765 F.2d 815, 821-22 (9th Cir. 1985); FIA Card Servs. v. McComas, 2010 WL 4974113 (S.D. Cal. Dec. 2, 2010).

Here, removal cannot be based on federal question jurisdiction. The exhibits attached to the removal notice, including the complaint filed in state court, establish that the state court action is nothing more than a simple unlawful detainer action, and is titled as such. (See

Dkt. No. 1 at 9-11. ) According to the state court complaint, defendants are the former owners of the subject property, which plaintiff purchased from the designated trustee at a foreclosure sale. (Dkt. No. 1 at 10.) Plaintiff as the new owner now seeks to evict defendants from the subject property. (Dkt. No. 1 at 10-11.) This court has no jurisdiction over unlawful detainer actions, which are strictly within the province of the state court.

Defendants contend that federal question jurisdiction exists because defendants' state court demurrer, which was apparently not sustained, depended on the determination of defendants' rights and plaintiff's duties under federal law, in particular the Protecting Tenants at Foreclosure Act ("PTFA"). See Pub. L. No. 111-22, § 702, 123 Stat. 1632 (2009). A state court demurrer is essentially the equivalent of a motion to dismiss in federal court. However, plaintiff's complaint itself is strictly an action based on the California unlawful detainer statutes. Thus, defendants' reference to the PTFA is best characterized as a potential defense or counterclaim, neither of which is considered in evaluating whether a federal question appears on the face of a plaintiff's complaint.

Any defenses based on federal law must generally be raised in the state court action and do not provide a basis for removal. "A case may not be removed to federal court on the basis of a federal defense,...even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." ARCO Environmental Remediation, LLC v. Dept. of Health and Environmental Quality of the State of Montana, 213 F.3d 1108, 1113 (9th Cir. 2000); see also Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint.") Indeed, several federal district courts in California have specifically held that a defense based on the PTFA cannot serve as the basis for removal jurisdiction. See e.g. Aurora Loan Services, LLC v. Montoya, 2011 WL 5508926, at *4 (E.D. Cal. Nov. 9, 2011); SD Coastline LP v. Buck, 2010 WL 4809661, at **2-3 (S.D. Cal. Nov. 19, 2010); Wescom Credit

1  Union v. Dudley, 2010 WL 4916578, at **2-3 (C.D. Cal. Nov. 22, 2010); Aurora Loan Services,

2  LLC v. Martinez, 2010 WL 1266887, at *1 (N.D. Cal. March 29, 2010).

3        Nor can the action be removed on grounds of diversity jurisdiction.  First, the

4  amount in controversy does not exceed $75,000, because plaintiff's complaint specifically seeks

5  less than $10,000.  (Dkt. No. 1 at 9, 11.)[1]  Second, defendants are both citizens of California, and

6  therefore cannot remove the action from a California state court on the basis of diversity

7  jurisdiction.  See 28 U.S.C. § 1441(b) ("Any civil action of which the district courts have original

8  jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the

9  United States shall be removable without regard to the citizenship or residence of the parties.

10  Any other such action shall be removable only if none of the parties in interest properly joined

11  and served as defendants is a citizen of the State in which such action is brought.")

12        Based on the aforementioned analysis, the court finds that remand is appropriate,

13  because there is no subject matter jurisdiction.

14        For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

15        1.  The action be remanded to the Placer County Superior Court;

16        2.  The Clerk be directed to serve a certified copy of this order on the Clerk of the

17  Placer County Superior Court, and reference the state case number (MCV 0051263) in the proof

18  of service; and

19        3.  The Clerk be directed to close this case.

20        These findings and recommendations are submitted to the United States District

21  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

22  fourteen (14) days after being served with these findings and recommendations, any party may

23  file written objections with the court and serve a copy on all parties.  Such a document should be

---

[1] Plaintiff essentially seeks possession of the property, costs, and rental value for each day defendants remain in possession through entry of judgment at $100.00 per day. (Dkt. No. 1 at 11.)

1 captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the
2 objections shall be served and filed within seven (7) days after service of the objections.  The
3 parties are advised that failure to file objections within the specified time may waive the right to
4 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5 DATED: February 28, 2012

6                                          /s/ Gregory G. Hollows
                                         UNITED STATES MAGISTRATE JUDGE

7
8 GGH/wvr
McKeon.2697.fr.remand.wpd

5